IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**WILSON TONY HARRELL**                                                                                  **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 5:05cv101-DCB-MTP**

**CONSTANCE REESE, Warden**                                                                       **RESPONDENT**

MEMORANDUM OPINION

     This matter is before the court, *sua sponte*, for consideration of dismissal.  Petitioner was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi when he filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  According to Petitioner's notice of a change of address [21] filed May 18, 2007, he has been transferred to a federal minimum satellite facility in Jesup, Georgia.

Background

     Petitioner was convicted by the United States District Court for the Middle District of Florida, Tampa Division, of the following offenses: conspiracy to possess with intent to distribute cocaine, methaqualone, amphetamine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and interstate transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3) and (2).  Petitioner was sentenced on August 12, 1982 to serve thirty-five years imprisonment with a ten year special parole term.  The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on July 30, 1984.  Petitioner was also convicted by the United States District Court for the Middle District of Florida, Jacksonville Division, of the following offenses: conducting and participating in the conduct of an enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. §

1961(a)(b), and (d), the RICO Act; and conspiracy to conduct and participate in the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d), the RICO Act.  Petitioner was sentenced on July 1, 1983 to serve forty years imprisonment, to run concurrently with the sentence imposed by the Tampa Division in 1982. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on May 30, 1985.  Further, Petitioner was convicted by the United States District Court for the Middle District of Florida, Jacksonville Division, after a guilty plea for the offense of use of a telephone to facilitate a marijuana conspiracy, in violation of 21 U.S.C. § 843(b).  Petitioner was sentenced on October 22, 1993 to serve four years imprisonment consecutive to the sentences imposed by the Tampa Division in 1982 and the Jacksonville Division in 1983.  Petitioner's projected release date is December 1, 2009.

Petitioner is claiming that the U.S. Parole Commission is holding him liable for homicide offenses committed by co-defendants without proof that he exercised control over them or that their actions were reasonably foreseeable to him, in violation of the Commission's regulations; the Parole Commission violated 28 C.F.R. § 2.20 by counting deaths and attempted murders of participating offenders in determining his offense behavior classification; and that the Commission has failed to comply with the requirements of 28 C.F.R. § 2.28 in processing his request to reopen his case in that he was not provided with a proper hearing.  Petitioner is requesting that the court order the Parole Commission to recalculate his "offense characteristics" and score him under Chapter 11 for the RICO conspiracy rather than under Chapter 1, homicide offenses, and to order him paroled.

Analysis

Petitioner Harrell seeks to invoke this court's habeas jurisdiction under 28 U.S.C. § 2241.  "An individual may seek habeas relief under § 2241 if he is 'in custody' under federal

2

authority or for violation of federal law." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005) (referencing 28 U.S.C. § 2241(c)). Petitioner Harrell is not attacking his convictions or the execution thereof, but instead he is challenging his current detention as unlawful. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (sole function of habeas corpus is to grant relief from unlawful imprisonment or custody). Section 2241 conveys the power to a district court to grant a writ of habeas corpus but limits this authority to the court's respective jurisdiction.[1]

As stated above, at the time Petitioner filed the instant habeas petition, he was housed in the Federal Correctional Institute in Yazoo City, Mississippi, which is located in the Southern District of Mississippi. However, since that time he has been transferred to a federal minimum satellite facility in Jesup, Georgia, which is not within the jurisdiction of this court. Likewise, Petitioner's present custodian, the Warden of the federal satellite facility in Jesup, Georgia, is beyond within this court's jurisdiction. "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated."); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) ("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].")); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

---

[1] Title 28 U.S.C. § 2241(a) states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

Since Petitioner is housed in a district where this court does not have the "authority to direct the actions of the restraining authority" this court does not have jurisdiction to address the constitutional issues presented by Petitioner as they relate to his current imprisonment. *Lee,* 244 F.3d at 374 (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999))*; see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Consequently, Petitioner Harrell cannot maintain this section 2241 habeas petition in this court, but must pursue such a challenge in the district of his confinement, which is currently the United States District Court for the Southern District of Georgia.

## Conclusion

In sum, this court does not have jurisdiction to entertain Petitioner's challenge to his current confinement pursuant to 28 U.S.C. § 2241 because he is not incarcerated, nor is his custodian located, within this judicial district. As such, this petition will be dismissed with prejudice for this court's lack of jurisdiction and without prejudice in all other respects. *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000).

SO ORDERED this the  4th   day of September, 2007.

 s/ David Bramlette
 UNITED STATES DISTRICT JUDGE